USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

ALLSTAR MARKETING GROUP, LLC,

*Plaintiff*

v.

*WARM YOUR HOUSE* STORE, AA MARKET STORE, AB35 STORE, AJ29 STORE, ALHOME$GLODCISTERN STORE, ATTRACTION FOR YOU STORE, BALMY WIND STORE, BESTHOMEFURNITURE STORE, BETTERHOUSE STORE, BTMETER OFFICIAL STORE, CCCMART STORE, CHARACTERISTIC LIFE STORE, CHARLOTTET'S STORE, CITY OF DAILY NECESSITIES STORE, CO TECH STORE, COMPUTER OFFICE OVERSEA STORE, CONVENIENT 666 STORE, DAILY COMFORT LIVING STORE, DONGGUAN BLUE SHARK TECHNOLOGY CO., LIMITED, DROPSHIPPING TO WHOLE WORLD STORE, DRY HOUSEWARE STORE, E2SHOPPING STORE, EMBELLISH NEW LIFE STORE, FANHHUI STORE, FOR GOOD THINGS STORE, FOR YOUR B-ETTER LIFE STORE, FOREWAN DIYCRAFT STORE, FUNNY GIFTS STORE, GARDON STORE STORE, GLOBAL 3C TECH STORE, GLOBAL PROFESSIONAL TOOL STORE, GOOD LIFESTYLE STORE, HANGZHOU JUKINGS TECH CO., LTD., HIGH GRADE 3CMART STORE, HOMESERVICE STORE, HOMO DROPSHIP STORE, HOUSE GOODHAND STORE, HOUSEHOLDTOOLS GROCERIES STORE, HUIYU FACTORY STORE, I FOUND YOU STORE, INFINITE VOICE STORE, INSTRUMENT TECH STORE, JA JLAKDFALIYUN STORE, JIANDE HUNLEE ELECTRICAL APPLIANCE CO., LTD., KALAXHOME STORE, K-E-Y TO YOUR H-E-A-R-TE STORE, LA FAVORITA FLAGSHIP STORE, LBFAMILY STORE, LINHAI ZHONGQI OPTO-ELECTRICAL TECHNOLOGY CO., LTD., LITTLE EXPERT STORE, LOVELYPUPPY STORE, LUCKLY HOUSE STORE, LUMIPARTY FACTORY STORE, LUMIPARTY OFFICIAL

20 Civ. 8405 (AT)

**PRELIMINARY INJUNCTION ORDER**

STORE, MAGICIAN 3C STORE, MAY RECORDS STORE, MOONLIGHT DROPSHIPPING STORE, MYRIANN OFFICIAL STORE, NO. 19 MASK STORE, ONETREE STORE, PROFESSIONAL TOOL CENTER STORE, ROMANTIC ALL HOUSE STORE, ROMANTIC FULL IN HOME, SAFE LIFE STORE, SECURITY PROTECT ONLINE STORE, SHANMAMMY DROPSHIP STORE, SHENZHEN CLICKS TECHNOLOGY CO., LTD., SHOP1266133 STORE, SHOP4917095 STORE, SHOP5250048 STORE, SHOP5440035 STORE, SHOP5522046 STORE, SHOP5788919 STORE, SHOP910453068 STORE, SIX STARS PRODUCTS STORE, SMARTLIVES STORE, SNEWVIE LED LIGHTING YOUR LIFE STORE, SURPRISE LIFE STORE, SWOVO DIYCRAFT STORE, SZWKY HOUSEHOLDS STORE, TOOLS DIRECT STORE, TOP1 PHONE STORE, TOPLEO STORE, TRENDY CASUAL CLOTHINGS STORE, TT PINK LIFE STORE, TTMART STORE, WELCOME OVERSEA STORE, WORTH WATCHING STORE, YIDIAN OF GRASS STORE. YOCOMYLY 511511 STORE, YOUR DAILY 3CMART STORE, YOUR HAPPINESS HOUSE STORE AND YOYOHOME STORE,

Defendants.

## GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC |
| **Defendants** | *Warm Your House* Store, AA MARKET Store, AB35 Store, AJ29 Store, ALHOME$GLODCISTERN Store, Attraction For You Store, Balmy Wind Store, BestHomefurniture Store, Betterhouse Store, BTMETER Official Store, CCCMart Store, Characteristic Life Store, CharlotteT's Store, City of Daily Necessities Store, CO Tech Store, Computer Office Oversea Store, Convenient 666 Store, Daily Comfort Living Store, Dongguan Blue Shark Technology Co., Limited, DropShipping To Whole World Store, Dry Houseware Store, e2shopping Store, Embellish New Life Store, FANHHUI Store, For good things Store, For Your B-etter Life Store, ForeWan DiyCraft Store, Funny Gifts Store, Gardon store Store, |

|  | Global 3C Tech Store, Global Professional Tool Store, Good Lifestyle Store, Hangzhou Jukings Tech Co., LTD., High Grade 3CMart Store, HomeService Store, HOMO dropship Store, House Goodhand Store, HouseholdTools groceries Store, HUIYU Factory Store, i found you Store, Infinite Voice Store, Instrument Tech Store, JA jlakdfaliyun Store, Jiande Hunlee Electrical Appliance Co., Ltd., kalaxhome Store, K-e-y to your h-e-a-r-te Store, La Favorita Flagship Store, LBFamily Store, Linhai Zhongqi Opto-Electrical Technology Co., Ltd., Little expert Store, Lovelypuppy Store, Luckly House Store, LumiParty Factory Store, LumiParty Official Store, Magician 3c Store, May Records Store, Moonlight Dropshipping Store, MYRIANN Official Store, No. 19 Mask Store, OneTree Store, Professional Tool Center Store, Romantic All House Store, Romantic full in Home, Safe Life Store, Security Protect Online Store, Shanmammy dropship Store, Shenzhen Clicks Technology Co., Ltd., Shop1266133 Store, Shop4917095 Store, Shop5250048 Store, Shop5440035 Store, Shop5522046 Store, Shop5788919 Store, Shop910453068 Store, Six Stars Products Store, Smartlives Store, SNEWVIE LED Lighting Your Life Store, Surprise Life Store, Swovo DIYCraft Store, Szwky Households Store, Tools Direct Store, Top1 Phone Store, Topleo Store, trendy casual clothings Store, TT Pink Life Store, TTMart Store, Welcome Oversea Store, Worth Watching Store, YIDIAN OF GRASS Store. YOCOMYLY 511511 Store, Your Daily 3CMart Store, Your Happiness House Store and YOYOHOME Store |
|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |

3

| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
|---|---|
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on October 8, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 8, 2020 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Socket Shelf Mark** | U.S. Trademark Registration No. 6,153,908 for "SOCKET SHELF" for electronic docking station and charging station for electronic devices in Class 9 |
| **Socket Shelf Works** | U.S. Copyright Reg. Nos.: PAu 4-030-375 covering the Socket Shelf Commercial, VAu 1-365-330 covering the Socket Shelf Deluxe Packaging, VAu 1-402-004 covering the Socket Shelf Instruction Manual, VAu 1-347-375 covering the Socket Shelf Packaging, VA 2-135-992 covering the Socket Shelf Website and VAu 1-365-333 covering the Socket Shelf Packaging |
| **Socket Shelf Product** | A unique surge protector device that provides six (6) power outlets and adds two (2) USB charging stations and a shelf to most three-prong outlets |
| **Counterfeit Products** | Products bearing or used in connection with the Socket Shelf Mark and/or Socket Shelf Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Socket Shelf Mark and/or Socket Shelf Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Socket Shelf Mark and/or Socket Shelf Works and/or products that are identical or confusingly or substantially similar to the Socket Shelf Product |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective |

4

| | |
|---|---|
| | officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiff having moved *ex parte* on October 8, 2020, against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and

Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 9, 2020;

WHEREAS, the case was reassigned to Judge Torres and on October 21, 2020, a Temporary Restraining Order was entered ("TRO") and a preliminary injunction hearing was scheduled for October 27, 2020, at 1:00 p.m. ("Show Cause Hearing");

WHEREAS, on October 23, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except Defendants LumiParty Factory Store and MYRIANN Official Store, who were subsequently served on October 27, 2020;

WHEREAS on October 27, 2020, the Court issued an order adjourning the Show Cause Hearing to November 16, 2020, at 1:00 p.m. and extending the TRO until the date of the Show Cause Hearing ("October 27, 2020 Order");

WHEREAS, on November 16, 2020, at 1:00 p.m., Plaintiff appeared at the Show Cause Hearing, but no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this

action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Socket Shelf Mark and/or Socket Shelf Works;

   ii. directly or indirectly infringing in any manner Plaintiff's Socket Shelf Mark and/or Socket Shelf Works;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Socket Shelf Mark and/or Socket Shelf Works, to identify any goods or services not authorized by Plaintiff;

   iv. using Plaintiff's Socket Shelf Mark and/or Socket Shelf Works or any other marks and/or artwork that are confusingly or substantially similar to the Socket Shelf Mark and/or Socket Shelf Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

    Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

 vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

 vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

 viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the

Court:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

   iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

   ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture,

        importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 2(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and

34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts

       during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

  vii.  any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

 viii.  the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

   ix.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

    x.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Socket Shelf Mark and/or Socket Shelf Works.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or

control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Socket Shelf Mark and/or Socket Shelf Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by Alibaba pursuant to Paragraph V(C) of the TRO or may otherwise be determined; or

   b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants through the pendency of this action.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

SO ORDERED.

Dated: November 16, 2020, at 5:00 p.m.
      New York, New York

_____
ANALISA TORRES
United States District Judge