```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AllStar Marketing Group, LLC,

                        Plaintiff,

-against-

*Warm Your House* Store, AA MARKET Store, AB35 Store, AJ29 Store, ALHOME$GLODCISTERN Store, Attraction For You Store, Balmy Wind Store, BestHomefurniture Store, BTMETER Official Store, CCCMart Store, Characteristic Life Store, CharlotteT's Store, City of Daily Necessities Store, CO Tech Store, Computer Office Oversea Store, Convenient 666 Store, Daily Comfort Living Store, Dongguan Blue Shark Technology Co., Limited, DropShipping To Whole World Store, Dry Houseware Store, FANHHUI Store, For good things Store, For Your B-etter Life Store, ForeWan DiyCraft Store, Funny Gifts Store, Gardon store Store, Global 3C Tech Store, Global Professional Tool Store, Good Lifestyle Store, Hangzhou Jukings Tech Co., LTD., High Grade 3CMart Store, HomeService Store, HOMO dropship Store, HouseholdTools groceries Store, HUIYU Factory Store, Infinite Voice Store, kalaxhome Store, K-e-y to your h-e-a-r-te Store, La Favorita Flagship Store, Linhai Zhongqi Opto-Electrical Technology Co., Ltd., Little expert Store, Magician 3c Store, Moonlight Dropshipping Store, MYRIANN Official Store, No. 19 Mask Store, OneTree Store, Professional Tool Center Store, Romantic All House Store, Romantic full in Home, Safe Life Store, Security Protect Online Store, Shanmammy dropship Store, Shenzhen Clicks Technology Co., Ltd., Shop1266133 Store, Shop4917095 Store, Shop5250048 Store, Shop5440035 Store, Shop5788919 Store, Shop910453068 Store, Six Stars Products Store, Smartlives Store, Surprise Life Store, Swovo DIYCraft Store, Szwky Households Store, Tools Direct Store, Top1 Phone Store, trendy casual clothings Store, TT Pink Life Store, TTMart Store, Welcome Oversea Store, Worth Watching Store, YIDIAN OF

20 Civ. 8405 (AT)

**ORDER**

GRASS Store, YOCOMYLY 511511 Store and
Your Daily 3CMart Store,

          Defendants.

ANALISA TORRES, District Judge:

  Plaintiff, AllStar Marketing Group, LLC, moves by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2, ECF No. 43, in this action for trademark and copyright infringement and related claims, against Defendants, Compl., ECF No. 4. Plaintiff also requests a permanent injunction. ECF No. 46. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED. Plaintiff's motion for a permanent injunction is GRANTED as modified below.

I.  Background

  On October 8, 2020, Plaintiff filed its complaint and application for a temporary restraining order (the "TRO") under seal, ECF Nos. 4, 9–12, alleging counts of infringement and counterfeiting of Socket Shelf, a surge protector with six outlets, two USB charging stations, and a shelf. Compl. ¶ 8. Plaintiff has a federally registered trademark for Socket Shelf, (the "Socket Mark"); and has filed numerous copyright registrations relating to Socket Shelf (the "Socket Works"). *Id.* ¶¶ 11–12, 14–15. Plaintiff brings claims for trademark infringement and counterfeiting of the Socket Mark, false designation of origin, passing off, and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, copyright infringement of the Socket Works in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and common law unfair competition, in connection with Defendants' alleged online sale of counterfeit Socket Shelf. Compl. ¶¶ 1, 46–92. On October 21, 2022, the Honorable Paul C. Crotty granted, *inter alia*, the TRO, authorized alternative forms of service, and directed Defendants to show cause at a hearing on October 19, 2020, why a preliminary injunction should not issue. ECF No. 17. On

October 21, the undersigned lifted the TRO entered by Judge Crotty, and entered a revised TRO, which directed Defendants to show cause at a hearing on October 27, 2020, why a preliminary injunction should not issue. ECF No. 20. Hearing was later adjourned to November 16, 2020. ECF No. 14. On November 4, 2020, the Court ordered the case unsealed. ECF No. 3. On October 23 and 27, 2020, Plaintiff served the summons, complaint, TRO, and supporting documents on Defendants. *See* ECF No. 21 ¶ 7. Defendants failed to appear at the show cause hearing, despite being served with the TRO through the alternative service authorized by the Court, *see id*. Accordingly, on November 16, 2020, the Court entered Plaintiff's requested preliminary injunction. ECF No. 24.

On August 18, 2021, the Clerk of Court entered a certificate of default for Defendants who had not appeared (the "Defaulting Defendants").[1] ECF No. 41. On August 30, 2021, Plaintiff moved by order to show cause for a default judgment under Federal Rule of Civil Procedure 55 and Local Civil Rule 55.2. ECF No. 43. On September 2, 2021, the Court issued

---

[1] Defaulting Defendants are *Warm Your House* Store, AA MARKET Store, AB35 Store, AJ29 Store, Attraction For You Store, Balmy Wind Store, BestHomefurniture Store, BTMETER Official Store, CCCMart Store, Characteristic Life Store, CharlotteT's Store, City of Daily Necessities Store, CO Tech Store, Computer Office Oversea Store, Convenient 666 Store, Daily Comfort Living Store, Dongguan Blue Shark Technology Co., Limited, DropShipping To Whole World Store, Dry Houseware Store, FANHHUI Store, For good things Store, For Your B-etter Life Store, ForeWan DiyCraft Store, Funny Gifts Store, Gardon store Store, Global 3C Tech Store, Global Professional Tool Store, Good Lifestyle Store, Hangzhou Jukings Tech Co., LTD., High Grade 3CMart Store, HomeService Store, HOMO dropship Store, HouseholdTools groceries Store, HUIYU Factory Store, Infinite Voice Store, kalaxhome Store, K-e-y to your h-e-a-r-te Store, Linhai Zhongqi Opto-Electrical Technology Co., Ltd., Little expert Store, Magician 3c Store, Moonlight Dropshipping Store, MYRIANN Official Store, No. 19 Mask Store, OneTree Store, Professional Tool Center Store, Romantic All House Store, Romantic full in Home, Safe Life Store, Security Protect Online Store, Shanmammy dropship Store, Shop1266133 Store, Shop4917095 Store, Shop5250048 Store, Shop5440035 Store, Shop5788919 Store, Shop910453068 Store, Six Stars Products Store, Smartlives Store, Surprise Life Store, Swovo DIYCraft Store, Szwky Households Store, Tools Direct Store, Top1 Phone Store, trendy casual clothings Store, TT Pink Life Store, TTMart Store, Welcome Oversea Store, Worth Watching Store, YIDIAN OF GRASS Store, YOCOMYLY 511511 Store and Your Daily 3CMart Store. *See* ECF No. 41; *see also* ECF No. 52 (Plaintiff voluntarily dismissing Jiande Hunlee Electrical Appliance Co., Ltd.). Because Plaintiff did not serve the order to show cause and related documents on ALHOME$GLODCISTERN Store, La Favorita Flagship Store and Shenzhen Clicks Technology Co., Ltd., as required by the Court, ECF No. 49, the Court shall not grant Plaintiff's motion for default judgment against these defendants.

an order directing Defaulting Defendants to show cause why a default judgment should not be entered.  ECF No. 49.

On September 20, 2021, Plaintiff's counsel filed an affidavit stating that the following documents were served on Defaulting Defendants by the alternative service authorized by the order to show cause:

1. The order to show cause, ECF No. 49;
2. Plaintiff's memorandum of law in support of its motion for default judgment, ECF No. 45;
3. Affidavit of Plaintiff's counsel, Danielle (Yamali) Futterman with attached exhibits, Futterman Aff., ECF No. 44;
4. Declaration of Jennifer DeMarco, Plaintiff's general counsel, DeMarco Decl., ECF No. 48; and
5. Plaintiff's proposed default judgment (the "Proposed Judgment"), ECF No. 46.

ECF No. 50.

II. <u>Liability</u>

All Defaulting Defendants defaulted by failing to answer the complaint, otherwise defend this action, or respond to the Court's order to show cause.  Fed. R. Civ. P. 55(a).  When a default occurs, the Court deems the well-pleaded factual allegations set forth in the complaint relating to liability as true.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiff alleges trademark counterfeiting, in violation of 15 U.S.C. § 1114(1)(b); registered trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, passing off, and unfair competition, in violation of 15 U.S.C. § 1125(a); copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*; and common law unfair competition, in connection with Defaulting Defendants' alleged online sale of counterfeit Socket Shelf.  Compl. ¶¶ 1, 46–92.  The Court addresses each claim in turn.

A. Trademark Infringement

Under the Lanham Act, counterfeiting and infringement of registered trademarks requires a showing that (1) "plaintiff's mark is entitled to protection," and (2) "defendant's use of the mark is likely to cause consumers confusion[.]" *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146 (2d Cir. 2003); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816, 2016 WL 11468565, at *3 (S.D.N.Y. Mar. 29, 2016).

Plaintiff demonstrates both elements here. First, Plaintiff has submitted United States trademark registration as evidence that the Shelf Mark is protectible. Compl. Ex. B; *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) ("A certificate of registration with the [Patent and Trademark Office] is prima facie evidence that the mark is registered and valid (*i.e.* protectible).").

Second, although normally an analysis of consumer confusion is a fact-specific inquiry under the factors enumerated in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), where a "counterfeit" is involved—"a spurious mark which is identical with, or substantially indistinguishable from, a registered mark"—"the Court need not undertake a factor-by-factor analysis under *Polaroid* because counterfeits, by their very nature, cause confusion." *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012) (citations omitted). Plaintiff has alleged that Defaulting Defendants' Socket Shelf are counterfeits. *See* Compl. ¶¶ 6, 34, 37–39, 47–53. Accordingly, Plaintiff is entitled to judgment on its trademark counterfeiting and infringement claims.

B. False Designation of Origin, Passing Off, and Unfair Competition

A plaintiff who has established its claim for trademark infringement under § 1114 has similarly demonstrated its claim for false designation of origin, passing off, and unfair

5

competition under § 1125. *Burberry Ltd. & Burberry USA v. Designers Imps., Inc.*, No. 07 Civ. 3997, 2010 WL 199906, at *7 (S.D.N.Y. Jan. 19, 2010). Accordingly, Plaintiff is also entitled to judgment on those claims.

    C. Copyright Infringement

To prevail on a claim of copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) infringement of that copyright by the defendant. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). There is a statutory presumption that registered copyrights are valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001). To establish infringement, a plaintiff must show that (1) "defendant has actually copied [] plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between [] defendant's work and the protectable elements of [] plaintiff's" work. *Id.* at 110 (quoting *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (emphasis omitted). Actual copying may be shown by indirect evidence; "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (quotation marks and citations omitted). Substantial similarity, in turn, hinges on "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Hamil Am., Inc.*, 193 F.3d at 100.

Both elements are met here. Plaintiff is the owner of several U.S. copyright registrations related to Socket Shelf. Compl. ¶¶ 14–15; Compl. Ex. C. This allegation suffices to establish the statutory presumption of validity. For the same reasons that the allegations in Plaintiff's complaint establish that the products at issue are counterfeits, Plaintiff has carried its burden of showing actual copying and substantial similarity. Plaintiff's allegations establish that because

the products are so strikingly similar, *see, e.g.* Compl. ¶ 39, the logical inference is that Defaulting Defendants had access to its products and created works that were substantially similar to Plaintiff's works. *William Mark Corp. v. 1&CC*, No. 18 Civ. 3889, 2019 WL 4195365, at *7 (S.D.N.Y. May 20, 2019). Accordingly, Plaintiff is entitled to a judgment on its copyright infringement claim.

D. Common Law Claims

Plaintiff finally alleges unfair competition in violation of New York common law. To establish a claim for unfair competition under New York state law, a plaintiff must allege (1) "misappropriation of the labors and expenditures of another," that is (2) "likely to cause confusion or to deceive purchasers as to the origin of the goods," and (3) is done in "bad faith." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34–35 (2d Cir. 1995) (quotation marks and citation omitted). When there is a parallel Lanham Act claim, a plaintiff establishes a claim for common law unfair competition by stating their "Lanham Act claim coupled with a showing of bad faith or intent." *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 157 (E.D.N.Y. 2016) (citation omitted). "Use of a counterfeit mark creates a presumption of bad faith." *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010) (citation omitted). Because Plaintiff has made out a Lanham Act claim for use of counterfeit trademarks, it has met the unfair competition elements as well.

Plaintiff has, therefore, demonstrated entitlement to a judgment against the Defaulting Defendants on its federal claims and its common law claim for unfair competition, and its motion

for a default judgment on these claims is GRANTED.  The Court next considers Plaintiff's entitlement to damages on its federal trademark claims.[2]

### III. Statutory Damages

To determine damages on a default judgment, a plaintiff bears the burden to "introduce sufficient evidence to establish the amount of damages with reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12 Civ. 1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No 12 Civ. 1369, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013).  The Court may grant damages on a default judgment based only on affidavits "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *All-Star Mktg. Grp., LLC v. Media Brands Co.*, 775 F. Supp. 2d 613, 619 (S.D.N.Y. 2011) (alteration in original) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In other words, a court must be able to evaluate the fairness of the proposed damages award "based on admissible evidence." *Bumble & Bumble, LLC v. Pro's Choice Beauty Care, Inc.*, No. 14 Civ. 6911, 2016 WL 658310, at *3 (S.D.N.Y. Feb. 17, 2016) (citations omitted), *report and recommendation adopted*, No. 14 Civ. 6911, 2016 WL 1717215 (S.D.N.Y. Apr. 27, 2016).

Plaintiff seeks statutory damages from each of the Defaulting Defendants on its claims for trademark counterfeiting and infringement in the amount of $50,000.  DeMarco Decl. ¶ 10. The Lanham Act permits a plaintiff to opt to recover statutory damages in lieu of actual damages, of a minimum of $1,000 per counterfeit mark and a maximum of either $200,000 or, if

---

[2] Plaintiff seeks damages under the Lanham Act "without waiving its claims under the Copyright Act," ECF No. 45 at 10.  It states it "does not seek monetary relief in connection with the remaining causes of action plead in the [c]omplaint." *Id.* at 1 n.2.  Although some courts have concluded that plaintiffs "are not entitled to duplicative recoveries for the same intellectual property theft under multiple theories of liability," *TU v. TAD Sys. Tech. Inc.*, No. 08 Civ. 3822, 2009 WL 2905780, at *4 (E.D.N.Y. Sept. 10, 2009); *see also Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1995), the Court need not address this question, as Plaintiff seeks statutory damages under the Lanham Act only.

"the use of the counterfeit mark was willful," $2,000,000, per counterfeit mark, "as the Court considers just." 15 U.S.C. § 1117(c).

Courts have wide discretion in determining the amount of statutory damages. *See, e.g.*, *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986). In making that determination, courts consider:

> (1) the expenses saved and the profits reaped by defendant; (2) the revenues lost by plaintiff; (3) the value of the copyright or mark; (4) the scale of defendant's infringement; (5) whether defendant's conduct was innocent or willful; (6) whether defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant and others.

*Ideavillage Prod. Corp. v. OhMyGod 1*, No. 18 Civ. 9999, 2020 WL 6747033, at *3 (S.D.N.Y. Nov. 17, 2020) (citation omitted); *see also Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 425 (S.D.N.Y. 2018).

Here, "[b]y virtue of the default, [Defaulting Defendants'] infringement is deemed willful[.]" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). Further, Defaulting Defendants' failure to appear has made determining their profits, and Plaintiff's lost revenues, nearly impossible. DeMarco Decl. ¶¶ 6–8; Futterman Aff. ¶¶ 21–25. Plaintiff has further established the high value of Socket Shelf and the related trademark and copyright registrations, Compl. ¶¶ 40–44, 75–76, and the large scale of infringement, Futterman Aff. Ex. E, ECF No. 44-5.

Plaintiff requests awards of $50,000 against each of the Defaulting Defendants, each of whom, based on evidence from Plaintiff's attorneys, Epstein Drangel, Compl. ¶ 31, have made anywhere from one to five infringing uses of the Socket Marks. *See* Futterman Aff., Ex. E. Moreover, Plaintiff has established that the available discovery likely undercounts the number of products sold. Futterman Aff. ¶¶ 21–27. Other courts have granted Plaintiff and other similarly-

9

situated plaintiffs equivalent awards. *See Off-White LLC v. 5HK5584*, No. 19 Civ. 672, 2020 WL 3050552, at *1 (S.D.N.Y. June 8, 2020); *Ideavillage Prod. Corp. v. Aarhus*, No. 18 Civ. 2739, 2019 WL 2290514, at *9 (S.D.N.Y. May 7, 2019), *report and recommendation adopted*, No. 18 Civ. 2739, 2019 WL 2287726 (S.D.N.Y. May 28, 2019). Accordingly, the Court finds that the statutory damages sought by Plaintiff are appropriate. Post-judgment interest shall be awarded on these amounts pursuant to 28 U.S.C. § 1961.

IV.  <u>Injunctive Relief</u>

Plaintiff moves for a permanent injunction (1) prohibiting the Defaulting Defendants from further counterfeiting or infringing the Socket Marks and the Socket Works, (2) requiring them to deliver to Plaintiff for destruction all infringing products, and (3) prohibiting third-party service providers and financial institutions from providing services to Defaulting Defendants, or moving their assets or evidence related to the assets. Proposed Judgment § III, ECF No. 46. The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable," 15 U.S.C. § 1116(a), which courts regularly use to grant injunctions on default, *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4 ("It is well-established that a court may grant a permanent injunction as part of a default judgment."). Plaintiff must therefore demonstrate (1) that it will suffer irreparable harm if an injunction is not granted; (2) whether remedies at law such as monetary damages are inadequate to compensate it for that harm; (3) the balance of hardships; and (4) whether the public interest would not be disserved by a permanent injunction. *See Salinger v. Colting*, 607 F.3d 68, 77–78 (2d Cir. 2010).

Plaintiff has established all these elements. Plaintiff has alleged that Defaulting Defendants' conduct has caused irreparable harm to its business and the goodwill associated with

10

the Socket Shelf, *see, e.g.*, Compl. ¶ 43, and that Defaulting Defendants' willful infringement and counterfeiting, along with their failure to appear in this action, demonstrates that they will continue this harm absent court order, *WowWee Grp. Ltd. v. Haoqin*, No. 17 Civ. 9893, 2019 WL 1316106, at *5 (S.D.N.Y. Mar. 22, 2019). Plaintiff's hardship is evident, and it is "axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product," *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted); accordingly, the balance of hardships weighs in favor of Plaintiff. Finally, "[a] permanent injunction would also promote the public interest in freedom from deception in the marketing of consumer goods." *Ideavillage Prod. Corp. v. OhMyGod 1*, 2020 WL 6747033, at *4.

However, the proposed injunction is too broad in several respects. First, the injunction seeks to bind "officers, agents, servants, employees, and all persons acting in concert with or under the direction of [the] Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of" the judgment. Proposed Judgment § III(1).[3] Federal Rule of Civil Procedure 65(d)(2) permits courts to bind non-parties "only" if they are "the parties' officers, agents, servants, employees, and attorneys [and] other persons who are in active concert or participation with" those specifically named in Rule 65(d)(2). Fed. R. Civ. P. 65(d)(2). As other courts have observed, therefore, the language of Proposed Judgment § III(1) is overbroad, and the Court shall add the word "active" before "concert" to track Rule 65(d)(2). *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 377 (S.D.N.Y. 2020), *adhered to in relevant part on reconsideration*, No. 18 Civ. 1774, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020); *Allstar Mktg. Grp., LLC v. AFACAI*, No. 20 Civ. 8406, 2021 WL 2555636, at *3 (S.D.N.Y. June 22, 2021).

---

[3] The Proposed Judgment appears to erroneously refer to the first sub-section of § III as § III(2). The Court utilizes the correct numbering convention herein.

11

Moreover, Proposed Judgment §§ III(1)(F)(i) and (ii) are overbroad, as they require retention of documents not related to the sale of the counterfeit products at issue. *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d at 377–79. Therefore, the Court shall strike those provisions.

Finally, Proposed Judgment § III(3), which seeks to bind financial institutions and third-party service providers, are overbroad. The Court has no authority to enjoin third parties not before the Court who are not in active concert with Defaulting Defendants. *Spin Master Ltd. v. 158*, 463 F. Supp. 3d at 380–81 ("This [c]ourt cannot prejudge now—before knowing the facts—whether any particular financial institution or third-party service provider is necessarily and by definition an aider and abettor."). In addition, the Court shall not, by freezing Defaulting Defendants' accounts, grant Plaintiff rights to the assets in the accounts superior to those of other creditors with possibly equal or superior rights to those assets. *Id.* at 381. And, the Court shall not enjoin the third-party service providers from offering services unrelated to the products at issue here. *Id.* at 381–82 (noting that such an injunction would not be "narrowly tailored to fit specific legal violations." (quoting *Victorinox AG v. B & F Sys., Inc.*, 709 F. App'x 44, 51 (2d Cir. 2017))); *Allstar Mktg. Grp. v. AFACAI, LLC*, 2021 WL 2555636, at *3–4. Though the Court is sympathetic to the "the difficulty of policing counterfeiting operations, and the potentially salutary effect of a judicial order that completely terminates any future commercial operations of a counterfeiter as a sanction for its behavior," an overbroad injunction is not a "proportionate remedy" to the acts at issue here. *Allstar Mktg. Grp., LLC v. 158*, No. 18 Civ. 4101, 2019 WL 8509382, at *2 (S.D.N.Y. Mar. 12, 2019), *reconsideration denied*, No. 18 Civ. 4101, 2019 WL 3936879 (S.D.N.Y. Aug. 20, 2019). Therefore, the Court shall strike § III(3) from the Proposed Judgment.

Accordingly, Plaintiff's motion for a permanent injunction is GRANTED with the above modifications.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is GRANTED. The Court shall enter a separate judgment reflecting the modifications to the Proposed Judgment described in this order.

SO ORDERED.

Dated: August 17, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge